UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN NAGEL and MELINDA NAGEL, | |
| Plaintiffs, | |
| v. | CAUSE NO. 3:24cv153 DRL-SJF |
| THOR MOTOR COACH, INC. *et al.*, | |
| Defendants. | |

OPINION AND ORDER

John and Melinda Nagel bought a recreational vehicle manufactured by Thor Motor Coach, Inc. that they say has irreparable defects. After repair attempts, the Nagels sued Thor for willfully breaching its obligations under a California law called the Song-Beverly Consumer Warranty Act (SBCWA). *See* Cal. Civ. Code §§ 1790 *et seq*. Thor requests partial judgment on the pleadings only as to the civil penalty demanded, but the court must deny the motion.

BACKGROUND

In assessing this motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the Nagels' favor. *See Denan v. Trans Union LLC*, 959 F.3d 290, 293 (7th Cir. 2020). On June 24, 2022, the Nagels bought a new 2022 Thor Four Winds RV for which Thor provided an express warranty [17]. The unit had and developed several defects, which Thor was unable to repair after a reasonable number of attempts. Despite this, the Nagels claim that Thor didn't promptly replace the unit or pay damages.

The Nagels sued Thor on June 21, 2023, in California state court, alleging breach of express and implied warranties, and a violation of the SBCWA's repair provision. They sought damages and a civil penalty for a willful violation. On August 9, 2023, Thor removed the case to the Eastern District of California based on diversity jurisdiction; and, on February 16, 2024, the court there transferred the case

here because of the express warranty's exclusive choice of venue clause. On October 9, 2024, Thor moved for partial judgment on the pleadings, seeking dismissal of the Nagels' request for a civil penalty.

STANDARD

The court declines the invitation from the Nagels to apply California state court pleading standards. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965); *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438 (1974); *Johnson v. Hondo, Inc.*, 125 F.3d 408, 417 (7th Cir. 1997); *see also Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 65 (2013).

After the pleadings are closed, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no disputed issues of material fact, and the moving party is entitled to judgment as a matter of law. *Unite Here Loc. 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). A moving party is entitled to such a judgment when it appears "beyond doubt" that the nonmoving party "cannot prove any facts that would support his claim for relief." *Denan*, 959 F.3d at 293 (quotation omitted).

Of note, this standard echoes a much older one, and it continues to be repeated though the law has really evolved to clarify that a Rule 12(c) motion hinges on the same standard as a Rule 12(b)(6) motion—namely, that a pleading must state a plausible claim. *See id.*; *see also Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014); *see also Lanigan v. Vill. of East Hazel Crest*, 110 F.3d 467, 470 n.2 (7th Cir. 1997). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012).

The court is confined to the matters addressed in the pleadings and must review allegations in the light most favorable to the nonmoving party. *See Unite Here Loc. 1*, 862 F.3d at 595. The pleadings

include "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (citing Fed. R. Civ. P. 10(c)).

## DISCUSSION

The SBCWA recognizes a claim for "[a]ny buyer of consumer goods who is damaged by a failure to comply with any obligation under [the SBCWA] or under an implied or express warranty." Cal. Civ. Code § 1794(a). If the failure is willful, a violator may be subject to a civil penalty of up to twice the amount of civil damages. Cal. Civ. Code § 1794(c).

This penalty serves three purposes: to deter purposeful violations of the SBCWA, to establish a tiered system of damages for willful and nonwillful violations, and to punish willful violations. *See Kwan v. Mercedez-Benz of N. Am., Inc.*, 23 Cal. App. 4th 174, 184-85 (Cal. Ct. App. 1994); *accord Valdovinos v. Kia Motors Am., Inc.*, 104 Cal. App. 5th 732, 759 (Cal. Ct. App. 2024), *depublished at* 2024 Cal. LEXIS 6858 (Cal. Dec. 11, 2024). A violation isn't willful when a defendant made a genuine mistake, acted with good faith and a reasonable belief that it complied with the law, or acted merely negligently. *Kirzhner v. Mercedes-Benz USA, LLC*, 9 Cal. 5th 966, 984 (Cal. 2020); *Kwan*, 23 Cal. App. 4th at 185. Other dynamics may indicate a willful violation—say, when a warrantor acted deliberately, knowingly, or even with deliberate ignorance—though each isn't required to establish a willful violation. *Kwan*, 23 Cal. App. 4th at 181-85.

Thor argues that the Nagels inadequately pleaded a "willful" violation. The Nagels disagree. In fairness, the complaint contains scant details concerning a willful failure to comply with the SBCWA. The complaint reads as most basic warranty pleadings read. Query why a mine-run breach of warranty would plausibly give rise to enhanced damages for a willful violation.

The court need not decide this question because it cannot dismiss in piecemeal fashion part of a claim under Rule 12(c)—and here, it is a mere remedy (based on a different theory of the same facts) and not the substantive claim. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015); *see also Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021) (same); *NAACP v. Am. Fam. Mut. Ins. Co.*, 978 F.2d 287,

291-92 (7th Cir. 1992) (defining claim); *see, e.g.*. *N.Y. Pizzeria, Inc. v. Syal*, 56 F. Supp.3d 875, 879-80 (S.D. Tex. 2014). No one argues that the Nagels insufficiently pleaded a SBCWA claim, and in the context of this case that is where Rule 12(c) stops (and where Rule 56 would begin).[1] *See BBL*, 809 F.3d at 325.

## CONCLUSION

Accordingly, the court DENIES Thor's motion for partial judgment on the pleadings [36].

SO ORDERED.

January 7, 2025                              *s/ Damon R. Leichty*
                                             Judge, United States District Court

---

[1] Among extrajurisdictional cases divorced from *BBL* and *Bilek*, Thor also cites *Lengacher v. Wayne*, 2024 U.S. Dist. LEXIS 30343, 9-10 (N.D. Ind. Feb. 22, 2024), but there the very survival of the negligent hiring claim rested on a plausible pleading of punitive damages as a "special circumstance" (to pursue the negligence claim, not just to pursue the remedy of punitive damages). Thor is incorrect that the court dismissed the request for punitive damages in its entirety.